IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

REGINALD WARE,                              :

                               :   Case No.

          Plaintiff,                       :

                               :   (Removed from the State Court of

      v.                                      :   Dekalb County Georgia

                               :   Case No. 26A00689)

SYNCHRONY BANK,                          :

                               :

          Defendants.                     :

                               :

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DEFENDANT SYNCHRONY
## BANK'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Synchrony Bank, incorrectly identified as Synchrony Financial in the original Complaint ("Synchrony" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the State Court of Dekalb County, Georgia, to the United States District Court for the Northern District of Georgia.   This Court has jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331.   Pursuant to 28 U.S.C. §1446(a), the grounds for removal of this action are as follows:

## I.     PLEADINGS AND FILINGS IN STATE COURT ACTION

1.     On or about January 26, 2026, Plaintiff filed a Summons and Complaint in the State Court of Dekalb County, Georgia, captioned *Reginald Ware v.*

1

*Synchrony Financial,* bearing Case No.26A00689 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in the State Court Action is attached as **Exhibit A**.

2. Synchrony is informed and believes that the documents attached as **Exhibit A** constitute all process, pleadings, and orders on file in the State Court Action. A true and correct copy of the docket for the State Court Action is attached to this Notice of Removal as **Exhibit B**.

3. As set forth below, this case is properly removed to this Court because this Court has original jurisdiction over this action under 28 U.S.C. § 1331.

## II.   **TIMELINESS OF REMOVAL**

4. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b).

5. Synchrony was served with the Summons and Complaint on February 13, 2026; *See* **Exhibit B**.

6. Synchrony has not filed a responsive pleading in the State Court Action.

7. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this action must be removed within thirty days of Synchrony's

receipt of the Summons and Complaint of the State Court Action. The thirtieth day fell on Sunday, March 15, 2026. As such, this Notice of Removal is being filed on the following business day pursuant to Rule 6(1)(C) of the Federal Rules of Civil Procedure.

## III.   FEDERAL QUESTION JURISDICTION

8.   Article III of the Constitution vests federal courts with the authority to hear "all cases, in Law and Equity, arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. Art. III, § 2.

9.   Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over any claim presenting federal question jurisdiction, as is the case here.

10.   Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

11.   This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

13. Specifically, this Court has original jurisdiction of this action because Plaintiff's allegations arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

14. Under the FCRA, "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy. . . ." 15 U.S.C. § 1681p. Accordingly, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States. *See, e.g.*, *Martin v. Wells Fargo Bank*, No. 15-CV-5451 (DLI)(LB), 2015 U.S. Dist. LEXIS 149819, at *8 (E.D.N.Y. Nov. 4, 2015) ("[G]iven the federal question presented by Plaintiff's FCRA claim, this Court has jurisdiction over this matter irrespective of the relatively small amount in controversy."); *Williams v. Metro. Life Ins. Co.*, No. 94 CIV. 3791 (CSH), 1994 WL 529880, at *3 (S.D.N.Y. Sept. 28, 1994) (holding case was properly removed from state court to federal court as arising under FCRA).

15. Additionally, Plaintiff alleges that he was concretely harmed by Synchrony's alleged violation(s) of FCRA and, for purposes of removal, Plaintiff's allegations are accepted as true. Plaintiff alleges that Synchrony's purported violations of the FCRA caused Plaintiff to suffer actual damages. Compl. Ex. D. Thus, the face of the Complaint alleges what the Supreme Court has recognized as concrete injuries for Article III standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court.").

16. This Court also has supplemental jurisdiction over Plaintiff's state law claims, if any, because they are part of the same "case or controversy" as the federal law claim. *See* 28 U.S.C. § 1367.

17. Therefore, this action is one that can be removed to this Court by Synchrony under 28 U.S.C. §§ 1331, 1367, 1441 and 1446 on the grounds that this Court has original jurisdiction over the claims arising under federal law and supplemental jurisdiction over the state law claims forming part of the same case or controversy as the federal law claims.

## IV.   VENUE

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

19.     As required by 28 U.S.C. § 1441, Synchrony seeks to remove this case to the United States District Court for the Northern District of Georgia, which is the District Court embracing the place where the State Court Action has been filed.

20.     The United States District Court for the Northern District of Georgia is the proper venue for this action because it is the federal district court that embraces the State Court of Dekalb County, Georgia where the State Court Action was filed, i.e., the forum in which the original action was filed and is pending.  *See* 28 U.S.C. §§ 112(c), 1441, and 1446(a).

## V.     <u>NOTICE</u>

21.     In accordance with 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Synchrony will file a copy of the Notice of Removal with the Clerk of the State Court of Dekalb County, Georgia, and will attach a copy of this Notice of Removal thereto.

## VI.    <u>MISCELLANEOUS</u>

22.     This action has not been previously removed to federal court.

23.     No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint.

24.     By filing this Notice of Removal, Synchrony does not waive any defenses either procedural or substantive, that may be available to it, and specifically reserves all defenses, exceptions, rights, and motions.

25.   This case is not precluded from being removed under 28 U.S.C. § 1445 because it: (a) is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. § 51–54, 55–60; (b) is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) does not arise under the workmen's compensation laws; and (d) does not arise under Section 40302 of the Violence Against Women Act of 1994.

26.   Synchrony expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

WHEREFORE, Synchrony removes the State Court Action from the State Court of Dekalb County, Georgia to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. Synchrony requests that the Court assume exclusive jurisdiction of this action and enter such orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated:  March 16, 2026                    **McGuireWoods LLP**


                                          _/s/ Jennifer R. Burbine_
                                          Jennifer R. Burbine
                                          Georgia Bar No. 167807
                                          1075 Peachtree Street, N.E.
                                          35th Floor
                                          Atlanta, GA 30309-3900
                                          Telephone: 404.443.3900
                                          Fax: 404.443.5798
                                          jburbine@mcguirewoods.com

                                          _Attorneys for Synchrony Bank_

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - X

REGINALD WARE,                          :

                                               :    Case No.

          Plaintiff,                          :

                                               :    (Removed from the State Court of

      v.                          :    Dekalb County Georgia

                                             :    Case No. 26A00689)

SYNCHRONY BANK,                          :

                                             :

         Defendants.                          :

                                             :

                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - -X

## <u>CERTIFICATE OF SERVICE, FONT AND MARGINS</u>

I hereby certify that on March 16, 2026, I electronically filed the foregoing

*Notice of Removal* with the Clerk of the Court using the CM/ECF System and served

a true and correct copy of same on the parties via First-Class Mail, postage prepaid,

addressed to:

Reginald Ware
2555 Knop St. NE
Atlanta, GA 30317
reginaldware@icloud.com

*Pro Se Plaintiff*

9

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Jennifer R. Burbine
Jennifer R. Burbine
Georgia Bar No. 167807